UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

OKSANA MARINARO, *et al.*,

        Plaintiffs,

v.                                          Civil Action No. 2:23cv462 (EWH)

VIRGINIA BEACH CITY
PUBLIC SCHOOLS, *et al.*,

        Defendants.

**<u>ORDER</u>**

    Oksana Marinaro ("Ms. Marinaro"), appearing *pro se*, filed this action on her own behalf and on behalf of her minor child, A.M., against (i) the Virginia Beach City Public Schools; (ii) the School Board of the Virginia Beach City Public Schools; (iii) Aaron Spence, the former Superintendent of the Virginia Beach City Public Schools; (iv) Crystal Lewis-Wilkerson, the principal of Thalia Elementary School; (v) Dannielle Hall-McIvor, an Associate City Attorney for the City of Virginia Beach;[1] and (vi) Bretta Z. Lewis, a former guardian ad litem for A.M. (collectively, "Defendants"). Compl., ECF No. 4. This matter is before the Court on the following motions:

    (i)     The School Board Defendants' Motion to Dismiss, ECF No. 8;
    (ii)    Ms. Lewis's Motion to Dismiss, ECF No. 40;
    (iii)   Ms. Marinaro's "Motion to Appoint a Representative of A.M. or to Permit [Ms.] Marinaro to Proceed in her Own Name" ("Motion to Appoint Representative"), ECF No. 43; and
    (iv)   Ms. Marinaro's Motion to Amend or Alter the Judgment, ECF No. 45.

---

[1]    The Court refers to the Virginia Beach City Public Schools, the School Board of the Virginia Beach City Public Schools, Aaron Spence, Crystal Lewis-Wilkerson, and Dannielle Hall-McIvor collectively as the "School Board Defendants."

The Court concludes that oral argument is unnecessary because the facts and legal arguments have been adequately presented to the Court. *See* E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, Ms. Marinaro's Motion to Amend or Alter the Judgment, ECF No. 45, is DENIED; the Court GRANTS Ms. Marinaro leave to file an Amended Complaint pursuant to the instructions set forth herein; the School Board Defendants' Motion to Dismiss, ECF No. 8, is DENIED as moot; Ms. Lewis's Motion to Dismiss, ECF No. 40, is DENIED as moot; and Ms. Marinaro's Motion to Appoint Representative, ECF No. 43, is DENIED without prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

During the time period relevant to this action, Ms. Marinaro and Domenick Marinaro, *i.e.*, A.M.'s father, were going through contentious divorce and custody proceedings in the Virginia state courts. Compl. at 1–100, ECF No. 4. In the Complaint, Ms. Marinaro alleges that between September of 2019 and February of 2023, certain representatives of the Virginia Beach Public School system, where A.M. attends school, took action that violated Ms. Marinaro's constitutional and statutory rights and wrongfully influenced the child custody decisions issued by the state courts. *Id.* Ms. Marinaro also claims that Ms. Lewis, the guardian ad litem appointed to represent the interests of A.M. in the divorce and custody proceedings, violated Ms. Marinaro's constitutional rights and breached the legal duties that Ms. Lewis owed to A.M. *Id.*

After being served with process, the School Board Defendants filed a timely Motion to Dismiss. School Bd. Defs.' Mot. Dismiss, ECF No. 8. Ms. Lewis did not initially respond to the Complaint, and as a result, default was entered against Ms. Lewis. Req. Entry Default, ECF No. 16; Clerk's Entry Default, ECF No. 17. However, Ms. Lewis subsequently filed a Motion to Set Aside Default, which the Court granted. Mot. Set Aside Default, ECF No. 21; Order, ECF No. 35. Ms. Lewis then filed a Motion to Dismiss, and Ms. Marinaro filed a Motion to Appoint Representative

and a Motion to Amend or Alter the Judgment. Ms. Lewis's Mot. Dismiss, ECF No. 40; Mot. Appoint Representative, ECF No. 43; Mot. Amend Alter J., ECF No. 45. All pending motions are ripe for adjudication.

## II.   MS. MARINARO'S MOTION TO AMEND OR ALTER THE JUDGMENT

On December 4, 2023, Ms. Marinaro filed an executed summons that indicated that a process server served Ms. Lewis on November 17, 2023, by posted service, *i.e.*, by posting service documents on the "front door of [Ms. Lewis's] usual place of abode." Executed Summons at 8, ECF No. 6. Ms. Lewis did not respond to the Complaint, and as a result, default was entered against Ms. Lewis. Req. Entry Default at 1–2; Clerk's Entry Default at 1. Ms. Lewis subsequently filed a Motion to Set Aside Default. Mot. Set Aside Default at 1.

In her motion, Ms. Lewis acknowledged that in November of 2023, "a mailing was placed on her front porch" that appeared to contain Ms. Marinaro's handwriting. Mem. Supp. Mot. Set Aside Default at 2, ECF No. 22. However, Ms. Lewis stated that Ms. Marinaro "previously harassed Ms. Lewis by sending unwarranted and unwanted mailings" to her, some of which "contain[ed] threats of bodily harm." *Id.* at 7. Ms. Lewis further stated that the Virginia Beach General District Court previously issued a two-year protective order against Ms. Marinaro in December of 2021 that "prohibited [Ms. Marinaro] from sending mailings to Ms. Lewis's home." *Id.* at 2. Ms. Lewis indicated that she was under the impression that the package left on her porch in November of 2023 was an unlawful mailing, sent by Ms. Marinaro in violation of the protective order. *Id.* Ms. Lewis stated that "it was not until February 10, 2024, that [she] became aware that posted service had been effected upon her." *Id.*

Ms. Lewis argued that the Court should set aside the entry of default because (i) Ms. Lewis has several meritorious defenses to the asserted claims; (ii) she took prompt action upon learning

of the entry of default; (iii) her failure to respond was based on the assumption that the package left on her porch was a mailing from Ms. Marinaro that violated a protective order; (iv) setting aside the entry of default would not result in undue prejudice to any party; (v) she "does not have a history of dilatory action"; and (vi) the entry of default is too harsh of a sanction based on the circumstances of this case. *Id.* at 3–9.

In an Order entered on April 16, 2024, the Court explained:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Order at 4 (quoting *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010)). The Court also noted that "[t]he Fourth Circuit has 'repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.'" *Id.* (quoting *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417).

Upon review, the Court determined that the relevant factors weighed in favor of setting aside the entry of default against Ms. Lewis. *Id.* at 5. The Court granted Ms. Lewis's Motion to Set Aside Default and ordered Ms. Lewis to respond to the Complaint within twenty-one days. *Id.* Ms. Lewis did so. *See* Ms. Lewis's Mot. Dismiss at 1.

Ms. Marinaro subsequently filed a Motion to Amend or Alter the Judgment, in which she asks the Court to "amend or alter" its April 16, 2024 Order and enter "default judgment" against Ms. Lewis. Mot. Amend Alter J. at 1–2. In the motion, Ms. Marinaro claims that Ms. Lewis "lied to this Court." Mot. Amend Alter J. at 2. Specifically, Ms. Marinaro claims that although Ms. Lewis "attempted to obtain a protective order against [Ms.] Marinaro" in the past, "no such order" was issued and Ms. Marinaro was "not served with the protective order pursuant to Va. Code § 19.2-152.10." Mem. Supp. Mot. Amend Alter J. at 2, ECF No. 46. Ms. Marinaro argues that Ms.

4

Lewis's Motion to Set Aside Default should not have been granted because Ms. Lewis did not provide proof of a valid protective order. *Id.* at 1–4.

Ms. Lewis opposes Ms. Marinaro's motion and argues that the Court's decision to set aside the entry of default against Ms. Lewis should not be disturbed. Opp'n at 1–5, ECF No. 47. Ms. Lewis specifically argues that all of the factors considered when analyzing a request to set aside default weigh in her favor. *Id.* at 3. With respect to Ms. Marinaro's claim that she was not subject to a protective order, Ms. Lewis states that she "is absolutely certain that a protective order was issued against [Ms. Marinaro] in December 2021." *Id.* Ms. Lewis further states that "she attended the hearing" and "[Ms. Marinaro] did not." *Id.* Although Ms. Lewis does not know whether the Virginia Beach General District Court ever served the protective order on Ms. Marinaro, Ms. Lewis asserts:

> The facts support the Court's finding of "good cause" to set aside default regardless of whether service of the Protective Order was effectuated by the [Virginia Beach General District] Court, as the relevance of the Protective Order was not related to its enforceability against [Ms. Marinaro], but solely relates to Ms. Lewis's first-hand knowledge that the Virginia Beach General District Court had entered an order barring [Ms. Marinaro] from contacting Ms. Lewis other than by email to her professional email address and that the sole contact allowed was for the limited purpose of furthering the custody case in which Ms. Lewis was serving as Guardian *Ad Litem*.

*Id.* at 5 n.1.

Ms. Marinaro does not identify the legal basis for her Motion to Amend or Alter the Judgment; however, the Court construes the motion as one brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The power to reconsider an order under Rule 54(b) "is committed to the discretion of the district court." *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 374 (E.D. Va. 2009)

(quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). When analyzing a motion under Rule 54(b), a district court may consider the following factors: "(1) an intervening change in controlling law, (2) the emergence of evidence not previously available, and (3) the correction of a clear error of law or the prevention of manifest injustice." *Power Paragon, Inc. v. Precision Tech. USA, Inc.*, No. 2:08cv222, 2008 U.S. Dist. LEXIS 109720, at *1 (E.D. Va. Dec. 18, 2008).

Despite the parties' disagreement over whether a valid protective order was entered against—and served upon—Ms. Marinaro, the Court finds that the six factors articulated in *Colleton* and applied in its order setting aside the entry of default weigh in Ms. Lewis's favor. *See Colleton Preparatory Acad., Inc.*, 616 F.3d at 417; Order at 4–5, ECF No. 35. The Court further finds that Ms. Marinaro has not established a valid reason to alter or amend the Court's April 16, 2024 Order. *See Power Paragon, Inc.*, 2008 U.S. Dist. LEXIS 109720, at *1. Accordingly, Ms. Marinaro's Motion to Amend or Alter the Judgment, ECF No. 45, is DENIED.

### III.   DEFENDANTS' MOTIONS TO DISMISS

Defendants argue that the Complaint fails to state any plausible claims for relief and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mem. Supp. School Bd. Defs.' Mot. Dismiss, ECF No. 9; Mem. Supp. Ms. Lewis's Mot. Dismiss, ECF No. 42. Defendants offer a host of arguments to support their requests for dismissal. However, the Court finds that the validity of certain dismissal arguments is unclear due to deficiencies in the Complaint.

For example, the School Board Defendants argue, among other things, that Ms. Marinaro's claims are time-barred. Mem. Supp. School Bd. Defs.' Mot. Dismiss at 9–11. To support their argument, the School Board Defendants embedded a chart within their supporting memorandum

that includes the accrual date for each claim asserted in the Complaint. *Id.* at 11. The School Board Defendants argue that the statute of limitations period for each asserted claim expired before Ms. Marinaro initiated this lawsuit. *Id.*

Upon review, the Court finds that the Complaint, in its current form, fails to adequately explain the specific factual allegations upon which certain claims are based. As a result, the accrual date of certain claims is unclear. For instance, in Count One of the Complaint, Ms. Marinaro claims that the School Board Defendants unlawfully "punish[ed]" her for exercising her First Amendment rights.[2] Compl. at 28. Similarly, in Count Two, Ms. Marinaro claims that the School Board Defendants' "punishment" unlawfully interfered with Ms. Marinaro's parental rights. *Id.* at 29. However, Ms. Marinaro does not adequately identify the specific "punishments" to which she refers.[3] *Id.* at 28–29. Without such information, the Court cannot adequately assess the timeliness of Counts One or Two of the Complaint.

On a related note, the School Board Defendants argue that other claims asserted in the Complaint are factually deficient. *See* Mem. Supp. School Bd. Defs.' Mot. Dismiss at 18–26. For example, the School Board Defendants argue that Count Three is factually deficient because it challenges the constitutionality of "[t]he District polices and rules" without identifying the

---

[2]   Ms. Marinaro describes her First Amendment activities as (i) "distributing a flyer that 'challenge[d] [Ms.] Wilkerson's character'"; (ii) "posting . . . comments in social media about [Ms.] Wilkerson"; (iii) "filing . . . complaints against [Ms.] Wilkerson with the District"; (iv) "asking questions to [Ms.] Wilkerson during the trial"; and (v) "filing . . . objections with the Court against [Ms.] Wilkerson." Compl. at 28.

[3]   The Complaint refers to various actions taken by several Defendants over the years with which Ms. Marinaro disagrees. *See generally* Compl. at 1–100. However, it is unclear which actions Ms. Marinaro considers to be a "punishment" for her alleged First Amendment activities. Although the Court is required to liberally construe a *pro se* litigant's complaint, the Court "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton v. Chesterfield Cnty. Sch. Bd.*, No. 3:19cv558, 2020 WL 5750896, at *2 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted).

particular "policies and rules" at issue. *Id.* at 18; *see* Compl. at 29. While Ms. Marinaro's Amended Opposition and Surreply clarify her claims with additional factual allegations, "a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (citation omitted); *see* Am. Opp'n, ECF No. 36; Surreply, ECF No. 37.

Under these circumstances, and in deference to Ms. Marinaro's *pro se* status, the Court finds it appropriate to provide Ms. Marinaro with an opportunity to file an Amended Complaint to clarify the complete factual and legal basis for each asserted claim. Accordingly, Ms. Marinaro is ORDERED to file an Amended Complaint within thirty (30) days of the entry date of this Order. Ms. Marinaro is ADVISED that the Amended Complaint will become the operative complaint in this action. As such, the Amended Complaint must:

(i)      be clearly labeled as an Amended Complaint;
(ii)     clearly identify the intended Plaintiffs and Defendants;
(iii)    comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure;[4]
(iv)     clearly state, with specificity, each claim that is asserted against each specific Defendant; and
(v)      clearly set forth all factual allegations upon which each asserted claim is based.[5]

An amended complaint "supersedes" a prior complaint and "renders it of no legal effect." *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation omitted). Because the School Board Defendants' Motion to Dismiss and Ms. Lewis's Motion to Dismiss seek relief as

---

[4]      Rule 8 provides that a claim for relief must contain (i) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (ii) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Rule 10 provides that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

[5]      Ms. Marinaro is further ADVISED that the Amended Complaint may not simply refer to, or rely upon, factual allegations set forth in previously or contemporaneously filed documents.

to the initial Complaint, which will no longer serve as the operative complaint in this matter, the School Board Defendants' Motion to Dismiss, ECF No. 8, and Ms. Lewis's Motion to Dismiss, ECF No. 40, are DENIED as moot.

## IV.    MS. MARINARO'S MOTION TO APPOINT REPRESENTATIVE

As noted above, Ms. Marinaro filed this action on her own behalf and on behalf of her minor child, A.M. Compl. at 1. However, the only claim that appears to implicate A.M.'s rights is a legal malpractice claim asserted against Ms. Lewis in Count Eight of the Complaint. *Id.* at 35–36.

In support of her dismissal motion, Ms. Lewis correctly notes that Ms. Marinaro cannot represent the interests of A.M. on a *pro se* basis. Mem. Supp. Ms. Lewis's Mot. Dismiss at 4–5; *see Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005). Shortly after receiving Ms. Lewis's motion, Ms. Marinaro filed a Motion to Appoint Representative, in which she asks the Court to either (i) "appoint a representative for A.M. with whom [Ms.] Marinaro can proceed against Defendant Lewis"; (ii) "permit [Ms.] Marinaro to proceed in her own name against Defendant Lewis"; or (iii) "permit [Ms.] Marinaro to proceed against Defendant Lewis as *pro se* on behalf of A.M." Mot. Appoint Representative at 1.

The Court has ordered Ms. Marinaro to file an Amended Complaint in this action. *See supra* Part III. The Court cannot determine whether the appointment of a representative for A.M. is appropriate unless and until such Amended Complaint is filed and reviewed. Therefore, the Court finds that Ms. Marinaro's request for a representative is premature at this time. Accordingly, Ms. Marinaro's Motion to Appoint Representative, ECF No. 43, is DENIED without prejudice to Ms. Marinaro's right to reassert the motion at a later date, if necessary.

## V.      CONCLUSION

For the reasons set forth above, Ms. Marinaro's Motion to Amend or Alter the Judgment, ECF No. 45, is DENIED; the Court GRANTS Ms. Marinaro leave to file an Amended Complaint pursuant to the instructions set forth herein; the School Board Defendants' Motion to Dismiss, ECF No. 8, is DENIED as moot; Ms. Lewis's Motion to Dismiss, ECF No. 40, is DENIED as moot; and Ms. Marinaro's Motion to Appoint Representative, ECF No. 43, is DENIED without prejudice.

The Clerk is DIRECTED to docket this Order in the Court's electronic filing system and to send a copy of this Order via United States Mail to A.M.[6]

It is SO ORDERED.

_____
/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: September 16, 2024

---

[6]      The Court previously granted an E-Noticing Registration Request filed by Ms. Marinaro. Order, ECF No. 10. Accordingly, when this Order is docketed, all individuals who have registered to receive electronic filings in this case, including Ms. Marinaro and all counsel of record, will receive an automatically generated e-mail message from the Court's electronic filing system containing a Notice of Electronic Filing, with a hyperlink to this Order. Because A.M. is listed as a named plaintiff in this action and has not registered for E-Noticing, a separate Order will be mailed to A.M.'s attention.